# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1995V
### Filed: June 7, 2019
UNPUBLISHED

---

HEATHER LYNCH,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Tetanus Diphtheria acellular
Pertussis (Tdap) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

---

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 20, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on July 12, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 10, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On June 6, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $55,00.00 in actual

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and projected pain and suffering, $49.87 for past unreimbursable expenses, and $2,971.02 for full satisfaction of a Medicaid lien.  Proffer at 1-2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner:**

a. **A lump sum payment of $55,049.87 in the form of a check payable to petitioner, Heather Lynch (consisting of $55,00.00 for pain and suffering and $49.87 for unreimbursable expenses).**  This amount represents compensation for all damages that would be available under § 300aa-15(a), except as set forth in paragraph b; and,

b. **A lump sum payment of $2,971.02, representing compensation for satisfaction of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and**

> Meridian Resource Company LLC
> Attn: Subrogation Department
> P.O. Box 659940
> San Antonio, TX 78265-9939
> File No. 75538498

Petitioner agrees to endorse this payment to the appropriate State agency.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

| | |
|---|---|
| HEATHER LYNCH, | |
| Petitioner, | No. 17-1995V |
| v. | Chief Special Master Dorsey |
| | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

## PROFFER ON AWARD OF DAMAGES

On December 20, 2017, Heather Lynch ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on April 5, 2019. Based on Respondent's Rule 4(c) Report the Chief Special Master found petitioner entitled to compensation.

## I.  Items of Compensation

### A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $55,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $49.87. Petitioner agrees.

1

**C.    Medicaid Lien**

Respondent proffers that petitioner should be awarded funds to satisfy the State of

Maryland Medicaid lien in the amount of $2,971.02, which represents  full satisfaction of any

right of subrogation, assignment, claim, lien, or cause of action the  State of Maryland may have

against any individual as a result of any Medicaid  payments the State of Maryland has made to

or on behalf of petitioner from the  date of her eligibility for benefits through the date of

judgment in this case as a result of her  vaccine-related injury suffered on or about July 12, 2016,

under Title XIX of the Social Security Act.  Petitioner agrees.

**II.    Form of the Award**

Respondent recommends that compensation provided to petitioner through the lump sum

payments as described below  and requests that the Chief Special Master's decision and the

Court's judgment award the following:

a.    A lump sum of **$55,049.87**, representing compensation for pain and suffering
($55,000.00) and past unreimbursable expenses ($49.87), in the form of a check
payable to petitioner.[1]  This amount represents compensation for all damages that
would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph
II.b; and

b.    A lump sum of **$2,971.02,** which amount represents reimbursement of a lien for
services rendered on behalf of petitioner, in the form of a check payable jointly to
petitioner[2] and

Meridian Resource Company LLC
Attn: Subrogation Department
PO Box 659940
San Antonio, TX 78265-9939
File No.:  75538498

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, future pain and suffering, and future lost wages.

[2] Petitioner agrees to endorse this payment to the appropriate State agency.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

 s/Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1586

Date:    June 6, 2019